Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

_____

No. 08-1214

LUZ VILLANUEVA-BATISTA,

Plaintiff, Appellant,

v.

DORAL FINANCIAL CORPORATION; FEDERAL INSURANCE COMPANY,

Defendants, Appellees.

_____

APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

_____

Before

Torruella, Baldock,[*] and Howard, Circuit Judges.

_____

Arturo Luciano Delgado, on brief for appellant.[**]
Pedro Manzano Yates, Diana M. Espínosa Núñez and
Fiddler González & Rodríguez, PSC on brief for appellee
Doral Financial Corporation.

_____

December 23, 2009

_____

[*] Of the Tenth Circuit, sitting by designation.

[**] Attorney Delgado failed to appear at oral argument, so this case was submitted on the briefs. He explains in his show cause letter that he was medically unable to attend oral argument.

**BALDOCK**, <u>**Circuit Judge**</u>.    Plaintiff Luz Villanueva Batista appeals from the district court's grant of summary judgment for Defendants Doral Financial Corporation and Federal Ins. Co. on her claims for unjust dismissal and retaliatory termination under 29 L.P.R.A. § 185a (Law No. 80) and 29 L.P.R.A § 194a (Law No. 115).  The district court exercised diversity jurisdiction pursuant to 28 U.S.C. § 1332.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo a district court's grant of summary judgment and draw all reasonable inferences in favor of the nonmoving party.  <u>Sonoran Scanners, Inc.</u> v. <u>Perkinelmer, Inc.</u>, 585 F.3d 535, 539-40 (1st Cir. 2009).  The parties are familiar with the facts and procedural history of this case, and we do not repeat them here except where necessary.

Plaintiff first argues the district court erred in concluding she failed to demonstrate Defendant's reason for terminating her was a mere pretext.  Under Law No. 115(c), once an employer has provided a legitimate, non-discriminatory reason for firing an employee, the employee bears the ultimate burden of "demonstrat[ing] that the alleged reason provided by the employer was a mere pretext for the discharge."  29 L.P.R.A. § 194a(c).  <u>See</u>

- 2 -

Rivera Rodríguez v. Sears Roebuck de Puerto Rico, 432 F.3d 379, 383 n.2 (1st Cir. 2005).

Plaintiff began working for Defendant on May 6, 1999. From February 6, 2001 until she was terminated on March 29, 2004, Plaintiff received several reprimands and complaints about her performance and interaction with other employees. She also filed complaints of her own concerning the behavior of other employees. Plaintiff's supervisors met with her numerous times to discuss both Plaintiff's complaints and those filed against her, as well as her infractions of company rules. Additionally, Plaintiff was suspended without pay from August 14 to 20, 2003. On August 22, 2003, she filed a lawsuit against Defendant in Puerto Rico local court to recover unpaid bonuses and commissions. Defendant received the summons on August 27, 2003. Additional disciplinary problems arose, and Plaintiff's supervisors met with her again. Several written communications informed Plaintiff that she would be terminated if her behavior did not improve. Plaintiff began giving deposition testimony in the Puerto Rico lawsuit on January 26, 2004. Further problems arose with Plaintiff's behavior at work. Though her supervisors attempted to meet with her to discuss these problems, Plaintiff refused to discuss anything. On March 29, 2004, Plaintiff's supervisors notified her that they

were terminating her employment with Defendant because of her history of violating company regulations and her refusal to cooperate in an internal investigation.

We agree with the district court that Defendant presented ample evidence to show Plaintiff's termination was the culmination of an unsuccessful disciplinary process. Plaintiff's only evidence of pretext is an October 20, 2003 email from Human Resources to one of Plaintiff's supervisors advising him to "remember that the actions with [Plaintiff] must be reviewed since there is an ongoing complaint." Taken in the light most favorable to Plaintiff, this statement is, at best, ambiguous in many ways: It is unclear whether "complaint" refers to Plaintiff's lawsuit or her internal complaints; it is unclear what "reviewed" means; and it is unclear whether the writer had any retaliatory intent or was merely reminding the recipient to document interactions with Plaintiff. Therefore, this email is insufficient to show that the Defendant's reasons are a mere pretext. See Velez v. Thermo King de Puerto Rico, Inc., 585 F.3d 441, 452 (1st Cir. 2009) (explaining in an ADEA case that a plaintiff must "elucidate specific facts" demonstrating the employer's justification is a sham intended to hide an actual unlawful motive).

Plaintiff's second contention seems to be that the district court erred by concluding her retaliation claim was based on an internal complaint rather than her deposition testimony beginning January 26, 2004.  We do not read the district court's decision in this manner.  Instead, the district court first explained that Plaintiff engaged in protected activity by filing a lawsuit and Defendant discharged her, then concluded Defendant satisfied its burden to provide a legitimate reason for Plaintiff's termination.  Plaintiff, however, did not demonstrate that Defendant's reason was a mere pretext, so the district court concluded her retaliation claim failed.  Next, the district court reasoned that even if Defendant's actions amounted to retaliation against Plaintiff for her November 2002 internal complaint about unpaid bonuses and commissions, those actions began before Plaintiff filed her lawsuit or gave her deposition.  Moreover, Law No. 115 protects only "testimony, expression or information . . . before a legislative, administrative, or judicial forum," not internal complaints. 29 L.P.R.A § 194a.  Because the district court properly found that Plaintiff failed to demonstrate pretext and, additionally, could not base her retaliation claim on internal complaints, the court did not err when it granted summary judgment for Defendant.

Upon careful consideration of the briefs, the record, and the applicable law, in light of the applicable standard of review, we discern no reversible error presented in this case.  AFFIRMED.